# EXHIBIT 2

# STATE COURT COMPLAINT

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/31/2022 11:43 AM
By: Narzralli Baksh , Deputy

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
Ronnie Ortega

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF SANTA BARBARA – UNLIMITED CIVIL

| | |
|---|---|
| RONNIE ORTEGA, Individually and On Behalf Of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: 22CV04262<br><br>**CLASS ACTION COMPLAINT**<br><br>I.   VIOLATION OF CAL. CIV. CODE § 1749.5; AND,<br>II.  VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Ronnie Ortega ("Plaintiff"), individually and on behalf of all other persons similarly situated, brings this class action suit against defendant Target Corporation ("Defendant" or "Target") for violations of California Civil Code § 1749.5, ("California's Gift Card Law"); and California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq*.

2. Plaintiff alleges the following based upon personal knowledge as to himself and his own acts, and on information and belief as to all other matters, including, and based upon, *inter alia*, the investigation conducted by and through his attorneys

which includes, without limitation, a review of Defendant's website, public documents, and information readily obtainable on the internet.

## SUMMARY

3. This putative class action arises from Defendant's violations of California Civil Code § 1749.5(b)(2), which requires that "any gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value." Accordingly, a consumer requesting cash back from a low balance gift card (of $10 or less) is entitled to just that – cash.

4. Consumers have the option of purchasing a Target gift card in any amount between $5 and $500, which can be purchased at one of Defendant's physical store locations or through Defendant's online website.

5. Target gift cards are also distributed at over 10,000 national brand retailers across the country.

6. Defendant has an ongoing policy and/or practice of failing to provide cash redemptions to consumers wishing to redeem a gift card with a balance of less than $10.00, or alternatively, failing to maintain a policy and/or practice of complying with Civil Code § 1749.5(b)(2).

7. Defendant's unlawful conduct is intended to force consumers, who would not otherwise use their low balance gift cards, to purchase additional products and services from Defendant, or even worse, to simply discard their low balance gift cards. Either way, Defendant benefits at the expense of California consumers.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Santa Barbara, State of California.

9. Plaintiff is a purchaser, and holder, of a Target gift card in the amount of $5.

10. Upon information and belief, Defendant is a corporation organized under the laws of Minnesota with its headquarters in Minneapolis, Minnesota that does

- 2 -
CLASS ACTION COMPLAINT

continuous and substantial business throughout the state of California, including Santa Barbara County.

11. Upon information and belief, at all relevant times, Defendant was engaged in the business of marketing, supplying, and selling its gift cards, including the Gift Card purchased by Plaintiff, to the public through its retail stores and on its website. All acts of employees of Defendant as alleged were authorized or ratified by an officer, director, or managing agent of the employer.

**JURISDICTION AND VENUE**

12. Subject matter jurisdiction is proper in this Court for the California statutory causes of action.

13. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Santa Barbara, State of California; and, Plaintiff was injured in the County of Santa Barbara, where Plaintiff resides.

14. Venue is proper.

**FACTUAL ALLEGATIONS**

15. On or about September 5, 2022, Plaintiff visited a physical Target retail store located at 6865 Hollister Avenue, Goleta, California 93117, looking to buy a gift card for a friend.

16. At about 2:00 p.m., Plaintiff purchased a Target gift card in the amount of $5.00 (the "Gift Card").

17. After further consideration, Plaintiff decided not to give the Gift Card to his friend, and instead wanted to redeem it for its cash value, as Plaintiff did not wish to purchase any of Defendant's other products.

18. Upon reviewing the receipt for the Gift Card, Plaintiff was surprised to discover that the Gift Card was not redeemable for cash.

19. Indeed, just below the entry on the receipt showing the transaction for the Gift

Card it states clearly "Cannot be returned."

20. A true and correct copy of that portion of Plaintiff's Gift Card receipt is depicted below:

```
ELECTRONICS
790014085  GIFT CARDS              N     $5.00
           041-224-345-472-903
           New Bal: $5.00
           Cannot be returned
```

21. Plaintiff reasonably understood that phrase on the receipt to mean that he could not redeem his Gift Card for its cash value.

22. In an effort to get his money back, Plaintiff returned to the Target store in Goleta, California to inquire about whether he could redeem his Gift Card for its cash value.

23. The Target employees at that store confirmed that the Gift Card could not be redeemed for its cash value in accordance with the statement on the receipt that it could not be returned.

24. While Defendant has a disclaimer on its website and on the back of its gift cards that states gift cards "cannot be redeemed for cash or credit except where required by law,"[1] in reality Defendant's policy and practice of refusing to redeem gift cards with a value of less than $10 is in direct violation of California law.

25. Upon information and belief, Defendant has a policy of representing to consumers that gift cards with cash balance of less than $10.00 cannot be returned and includes such statement on its receipts to discourage gift card holders from rightfully seeking cash redemption of their small gift card balances.

26. This policy forces gift card holders to purchase additional products from Defendant, which benefits Defendant through additional sales. Even worse, the

---

[1] *See* https://www.target.com/p/promotional-giftcard-5/-/A-14714006 (last visited Oct. 12, 2022).

- 4 -
CLASS ACTION COMPLAINT

policy also causes many gift card holders to simply not use their gift cards and discard them, which in turn increases Defendant's profits from unused cash value of the discarded gift cards.

27. Upon information and belief, Defendant's employees consistently refuse to honor valid cash redemption requests from gift card holders whose gift cards have a cash value of less than $10.00 in accordance with Defendant's policy, and said employees are instructed to do so.

28. Defendant's policy and practice of refusing valid gift card redemptions (whether intentionally by design or because Defendant fails to have a policy that complies with California law), harms California consumers.

29. Defendant benefits monetarily–and will continue to benefit monetarily in the future–by retaining the actual cash paid for such gift cards and by limiting low balance gift card owners and possessors to redeeming their gift cards for Target purchases, even when they do not wish to purchase Defendant's products and services.

30. Plaintiff would not have purchased the gift card had Plaintiff known that Target would not comply with California law, including the right of consumers to redeem the cash value of such card when the gift card has a balance of less than $10.00.

31. Plaintiff and other gift card owners and holders are damaged in the loss of the cash value of their gift cards (at least through denied access to the cash redemption value), especially when Target leads Plaintiffs and the Class members to believe that they are not entitled to the cash value of their gift cards, even when gift cards have a balance of less than $10.00.

32. Upon information and belief, Defendant continues to deny its California customers' attempts to redeem their gift cards with a cash value of less than $10.00.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class"), pursuant to California Code of Civil Procedure § 382 and/or California Civil Code § 1791.

34. Plaintiff represents and is a member of the Class, consisting of:

> All persons within California who possess one or more of Defendant's gift cards, which has a cash value of less than $10.00, that was issued and/or activated during the four (4) years immediately preceding the filing of the Complaint through the date of class certification.

33. Gift cards that meet this Class definition are referred to herein as "Class Cards."

34. The proposed members of the Class may be individually and collectively referred to herein as "Class members."

35. Defendant and its employees or agents are excluded from the Class.

36. Plaintiff and members of the Class were harmed by the acts of Defendant in violating Plaintiff's and the putative Class members' rights.

37. Plaintiff reserves the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court.

39. **Numerosity**: The exact size of each of the Class is unknown and not available to Plaintiff at this time. However, Plaintiff believes the number of Class members to be in the several hundreds, if not substantially more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

40. The Class can be identified through Defendant's records, Defendant's agents'

records, and/or records of the retailers from which the products were purchased.

41. **Commonality and Predominance**: There is a well-defined community of interest in the questions of law and fact to the Class that predominate over questions which may affect individual Class members, including the following:

   a. Whether each Class member obtained a gift card sold by Defendant with a present cash value of less than $10.00;
   b. Whether Defendant has, or had, a policy and/or practice of stating on its sales receipts that gift cards with cash balances less than $10.00 cannot be returned;
   c. Whether Defendant has, or had, a policy and/or practice of denying California consumers' requests to redeem gift cards sold by Defendant with a cash value of less than $10.00 for cash;
   d. Whether Defendant has, or had, a written policy of honoring California consumers' requests to redeem for cash gift cards sold by Defendant with a cash value of less than $10.00;
   e. Whether Defendant trains its employees to deny consumers' requests to redeem for cash gift cards sold by Defendant with a cash value of less than $10.00;
   f. Whether Defendant's policies and practices in regard to redeeming gift cards complies with California Civil Code sections 1749.5 and Business and Professions Code section 17200, *et seq.*;
   g. Whether Defendant engaged in false or deceptive advertising practices with regard to Gift Cards with a cash value of less than $10.00;
   h. Whether Defendant is liable for damages, and the amount of such damages; and
   i. Whether Class members are entitled to equitable relief including injunctive relief and/or public injunctive relief.

42. **Typicality**: Plaintiff's claims are typical of the claims of the Class since Plaintiff

obtained a gift card sold by Defendant with a cash value of less than $10.00, which Defendant did not redeem for its cash value.

43. Plaintiff and all Class members sustained injuries arising out of Defendant's wrongful conduct.

44. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

45. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Plaintiff has retained counsel experienced in handling class action claims and individual claims involving breach of California's Gift Card Law and unlawful business practices.

46. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.

48. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court.

49. Upon information and belief, members of the Class can be readily identified and

- 8 -
CLASS ACTION COMPLAINT

notified based on, *inter alia*, Defendant's own records, gift card serial numbers, gift card usage, and database of complaints.

50. Defendant has acted, and continues to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

# FIRST CAUSE OF ACTION
# VIOLATION OF CALIFORNIA'S GIFT CARD LAW
# CALIFORNIA CIVIL CODE § 1749.5

51. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

52. Pursuant to Civil Code § 1749.5(b)(2), any gift certificate with a cash value of less than $10.00 is redeemable in cash for its cash value.

53. Plaintiff and Class members owned and/or possessed a Class Card with a cash value of less than $10.00.

54. The Class Cards owned and/or possessed by Plaintiff and Class members (including the Gift Card purchased by Plaintiff) are each a gift certificate within the meaning of Civil Code § 1749.45(a).

55. After purchasing the Gift Card, Plaintiff desired to redeem it for its cash value.

56. Plaintiff's receipt stated that his Gift Card "Cannot be returned," meaning it could not be redeemed for its cash value.

57. When Plaintiff sought to redeem his Gift Card from Defendant for its cash value at a Target physical retail store, Defendant's employees told Plaintiff it could not by redeemed. Such conduct is in direct violation of the express requirements of Cal. Civ. Code § 1749.5.

58. Through its acts and practices, Defendant has violated Cal. Civ. Code § 1749.5(b)(2), and upon information and belief, will continue to violate this consumer protection statute in the future for its own financial gain.

59. As a result, Plaintiff and Class members have suffered damages and will continue to suffer damages as a result.
60. Plaintiff and Class members have been denied, and will continue to be denied, money to which Plaintiff and Class members have a cognizable claim and are rightfully entitled to under Cal. Civ. Code § 1749.5.
61. As a result of Defendant's illegal acts and practices, California consumers are being forced to use Defendant's gift cards to purchase Defendant's products and services they do not want; or alternately, consumers must simply discard the gift cards.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ*.

62. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.
63. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. California Business and Professions Code § 17200.
64. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

### *"Unfair" Prong*

65. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

66. Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant engaged in the unfair practice of intentionally refusing to permit Plaintiff and Class members to redeem Class Cards for cash, even when such requests are made by the gift card holder.

67. Further, Defendant's acts or practices trick gift card holders into believing, as any reasonable person would, that they cannot return their gift card and get the cash equivalent even when the gift cards have a balance of less than $10,00, despite the express rights afforded to California consumers under California law. Thus, Defendant's practice, including when coupled with its false or deceptive printed statements on the purchase receipts that represent "cannot be returned," has at least a chilling effect on a consumer's decision to exercise their right to redeem the cash value of the Class Cards, thus resulting in an economic benefit to Defendant at the expense of the consumer.

68. Plaintiff and the Class members are damaged in the loss of the cash value of their gift cards, including due to their denied access by Target to the cash redemption value of the gift cards.

69. Defendant's acts and practices offend an established public policy of transparency, and engage in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

70. The harm to Plaintiff and Class members grossly outweighs the utility of Defendant's practices as there is no utility to Defendant's practices.

### *"Unlawful" Prong*

71. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

72. Defendant's acts and practices alleged above constitute unlawful business acts or practices as they have violated the plain language of California's Gift Card law under California Civil Code § 1749.5, as described in Plaintiff's First Cause of

Action.

73. The violation of any law constitutes an "unlawful" business practice under the UCL.

74. These acts and practices alleged were intended to or did result in violations of California's Gift Card Law.

75. Defendant's practices, as set forth above, have misled Plaintiff, the Class members, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

### *"Fraudulent" Prong*

76. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

77. Defendant's practices alleged above constitute fraudulent business acts or practices as they deceived Plaintiff and are highly likely to deceive members of the consuming public.

78. By failing to disclose to consumers before their purchase that Target considers the gift card as not returnable even when there is a balance of less than $10.00, Defendant seeks to deceive consumers into believing that they must use the gift card to purchase Defendant's products and services only, or else the gift card has no use, despite California law to the contrary.

79. Additionally, by expressly stating on its receipts that gift cards "cannot be returned" even when their value is less than $10.00, Defendant seeks to deceive consumers into believing that they must use the gift card to purchase Defendant's products and services only, or else the gift card has no use, despite California law to the contrary.

80. Through Target's material omissions, and also its deceptive express representation of "cannot be returned," Plaintiff and Class members can only draw one

conclusion: their gift cards cannot be returned and redeemed for their cash value, which representation is contrary to the express requirements of California law.

81. Plaintiff and the Class members would not have purchased the Class Cards had they know that Target would not comply with California law, including the right of consumers to redeem the cash value of such card when the card have a balance of less than 10.00.

82. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order that Defendant cease this unfair competition, as well as disgorgement and restitution to Plaintiff and Class members of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable. Further, Plaintiff seeks public injunctive relief as a private attorney general under California Business and Professions Code § 17204.

**PRAYER FOR RELIEF**

Plaintiff prays that judgment be entered against Defendant as follows:

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That Plaintiff's attorneys be appointed Class Counsel;
4. For an order declaring Defendant's conduct to be unlawful;
5. For an order enjoining Defendant from engaging in the above-described misconduct, including for public injunctive relief;
6. For a public-wide injunction requiring Defendant to comply with California Civil Code 1749.5 and honor all gift card holders' requests for the cash value of Defendant's gift cards that have a balance of less than $10.00;
7. For a public-wide injunction requiring Defendant to cease printing "Cannot be returned" on gift receipts for gift cards sold with a value of less than $10.00 sold in California;

8. For a public-wide injunction requiring Defendant to promptly post notices in all of its California locations addressed to consumers that any gift card holder may redeem Defendant's gift cards with a balance of less than $10.00 for cash;
9. For a public-wide injunction requiring Defendant to provide training on Civil Code 1749.5 to its California customer-facing employees;
10. For actual damages;
11. For pre and post-judgment interest at the legal rate;
12. For an order of restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices;
13. Costs of suit;
14. For an award of attorneys' fees pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5 and the common fund doctrine; and
15. For such other and further relief that the Court deems proper.

## TRIAL BY JURY

83. Pursuant to Article I Section 16 of the Constitution of the State of California, Plaintiff is entitled to, and demands a trial by jury.

Dated: October 31, 2022                                    Respectfully submitted,

                                                           **KAZEROUNI LAW GROUP, APC**

                                                           By:
                                                              ABBAS KAZEROUNIAN, ESQ.
                                                              AK@KAZLG.COM

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone (800) 400-6808
Facsimile (800) 520-5523

**BLACK OAK LAW FIRM**
Adib Assassi, Esq. (SBN 301036)
adib@blackoaklaw.com
1100 W. Town and Country Rd.
Ste 1250
Orange, CA 92868
Telephone: (800) 500-0301
Facsimile: (800) 500-0301

*ATTORNEYS FOR PLAINTIFF*